UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LOLA MAE HENDERSON,

        Plaintiff,

v.

Case No. 23-cv-1262-pp

UNITED STATES,

        Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN (DKT. NO. 20)**

---

The plaintiff filed a complaint under the Federal Tort Claims Act, alleging that Veterans Administration medical providers implanted an ASR[1] chip in her eyes without consent during a 1995 hospital stay. Dkt. No. 1. On November 4, 2024, the court granted the defendant's motion to dismiss the case as time-barred because the plaintiff failed to present her claims to an appropriate federal agency within two years after the claim accrued, as required by 28 U.S.C. §2401(b). Dkt. No. 18. The court relied on the allegations in the complaint and the Standard Form 95 that the plaintiff had filed with the agency (which she attached to the complaint). Id. at 14. Fourteen days after the court issued its dismissal order, the plaintiff filed a motion to reopen the case, along with exhibits. Dkt. No. 20. The court will deny the motion.

---

[1] Artificial silicone retina.

1

## I. Plaintiff's Motion to Reopen

### A. Plaintiff's Brief (Dkt. No. 20)

The plaintiff asks the court to reopen the case for "fairness and equity." Dkt. No. 20 at 1. She asserts that the eye clinic staff at the VA Medical Center "remained silent for 26 years" and failed to disclose a material fact. Id. at 3. She says that the ASR chip cannot be detected by a CT scan, and that it was first "discovered in September of 2024 that the ASR Chip can be detected by a procedure called Fundus Photography." Id. at 3. She says that Dr. Lou (of the eye clinic) told her "there's nothing there," that in 2024 a psychiatrist told her that there was "nothing there," that in 2024 a patient advocate told her "there is nothing to work with," that in 2024 an administrator on duty told her "You have to find an alternative because there's nothing there" and that the administrator's office "sicced" a psychiatrist on her for asking for help. Id. The plaintiff says that she recognized her harm and was shown a movie while sleeping; she says "the seeing of a movie was not normal for [her] during sleep however, [she] didn't know the cause of [her] injury." Id. The plaintiff asserts that all of this shows fraudulent concealment, and she argues that when fraudulent concealment is involved, it stops the limitation clock until the deception is discovered. Id. at 2.

The plaintiff reiterates allegations she made in her complaint—that a "BT" (behavior tech) is a consequence of the implantation procedure. Id. She asserts that the "BT" is not subject to the same two-year limitation period as the surgical procedure and that a different "breach of duty" applies. Id. Her

2

stated goals are to get an eye surgery and address false accusations by staff that suggest she is an alcoholic, a substance abuser who doesn't keep appointments, and someone in need of HIV testing. Id. at 4. She says, however, that she had documents relating to those allegations but that they now are missing. Id. She wants to be pain free (the pain is inflicted by the "BT," whom she says turned off the power one time, granting her complete release and relief), to be left alone without duress or fear (she says she recently has learned that she could ask the court for help with this), to have her privacy restored and to be compensated. Id. at 5. She explains that she does not want to have to sue all the doctors and nurses who made false statements. Id. The plaintiff asks the court to either change the dismissal to a dismissal without prejudice or to "reverse the decision altogether." Id. at 4.

The plaintiff attached to the motion a letter from the VA, in which the executive director wrote to advise her that in December 2023, the VA had learned that an employee had mistaken a storage box of medical imaging compact discs (which contained personal information such as date of birth and exam information) for recycling; the letter informed the plaintiff that the box of CDs "inadvertently" had been disposed of. Dkt. No. 20-1 at 1. The letter advised the plaintiff that the CD had been lost or destroyed after its content was uploaded into the VA's medical record system, so she would not need a repeat imaging study. Id. It also advised her that the VA had no indication that the information on the CD had been targeted or misused. Id. The plaintiff also

3

attached medical progress notes which appear to have been printed at the Milwaukee VA Medical Center on May 16, 2023. Id. at 3-9.

  B.  Defendant's Brief in Opposition (Dkt. No. 21)

The defendant assumes that the plaintiff intended to file a Rule 60(b) motion, but argues that she cannot use such motion to "slip in arguments that should have been made earlier." Dkt. No. 21 at 3. The defendant asserts that the plaintiff has not provided any new or compelling evidence or arguments to suggest that the court erred in dismissing the case. Id. As the defendant pointed out in its earlier filings, the plaintiff's claims "began accruing many years, if not decades, before the plaintiff signed her Standard Form 95 on December 27, 2022." Id. The defendant asserts that the plaintiff repeatedly had visited the eye doctor, reporting her eye symptoms year after year. Id.

The declaration of counsel for the defendant references an unpublished 2004 decision by the Seventh Circuit affirming a district court's earlier dismissal of identical claims by the plaintiff. Dkt. No. 22 (citing Henderson v. United States, 112 F. App'x 538 (7th Cir. 2004). In 2003, the plaintiff had argued that the "defendants secretly operated on her, implanting in her eyes 'retina chips' that contain cameras and microphones . . . . [and] that for the past several years, while she was not in the defendants' care, the defendants have spoken to her for 20 hours per day, harassing and physically abusing her in numerous ways—for example, by burning her skin with taser guns and forcing her to communicate by belching." Dkt. No. 22-1 at 2. The Seventh Circuit held that the district court could have dismissed the case prior to

summary judgment because the claims were "so obviously frivolous as to preclude subject matter jurisdiction." Id.

    C.    <u>Plaintiff's Reply</u> (Dkt. No. 24)

The plaintiff replies that defense counsel's arguments are "nonsense and a play on words." Dkt. No. 24 at 2. She accuses the defendant's attorney of having "too much case law" and "go[ing] for the technical aspect rather than the issues." <u>Id.</u> The plaintiff maintains that fraudulent concealment is real and alleges that defense counsel is "always misstating what [she] submit[s] to the Court to persuade the Court." <u>Id.</u> The plaintiff says that she is not the "real person responsible for the complaint of 2003." <u>Id.</u> According to the plaintiff, the "'Behavioral Tech'nician ('BT',she,her)" had the plaintiff submit the BT's complaint to the U.S. District Court for the Eastern District of Wisconsin. <u>Id.</u> The plaintiff describes the BT's allegations and conduct after the 2003 complaint was filed. <u>Id.</u> at 2-3. The plaintiff says that she got a letter from "the late Honorable Judge Randa," dismissing the case without prejudice. <u>Id.</u> at 3. The plaintiff says that she couldn't stop laughing after "being put through everything [she] went through with the complaint; she says "she"—presumably the "BT"—"got angry and started inflicting pain." <u>Id.</u> at 3. The plaintiff says that "she"—again, presumably the "BT"—forced her into an appeal "under duress," when the case was supposed to return to district Court. <u>Id.</u> The plaintiff concedes that she "did the form of the appeal," but that the "BT" told her to answer three questions, change some information and make

5

misrepresentations; she also says the "BT" forced her to charge Judge Randa with bias or prejudice, when he was neither. Id.

    D.    <u>Analysis</u>

The plaintiff's motion to reopen does not cite a rule. The court assumes that the plaintiff intended to file the motion under either Federal Rule of Civil Procedure 59(e) or 60(b). Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment." Under the rule, the movant must demonstrate a manifest error of law or present newly discovered evidence." <u>Obriecht v. Raemisch</u>, 517 F.3d 489, 494 (7th Cir. 2008) (citing <u>Sigsworth v. City of Aurora</u>, 487 F.3d 506, 511-12 (7th Cir. 2007)). A party must file a Rule 60(b) motion within a reasonable amount of time after judgment, and the movant must demonstrate mistake, inadvertence, newly discovered evidence, fraud or any other reason that justifies relief. <u>See</u> Fed. R. Civ. P. 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." <u>Harrington v. City of Chicago</u>, 433 F.3d 542, 546 (7th Cir. 2006) (quoting <u>Karraker v. Rent-A-Center, Inc.</u>, 411 F.3d 831, 837 (7th Cir. 2005)).

The plaintiff filed her motion within twenty-eight days of the court's entry of judgment, which is timely under either Rule 59(e) or 60(b). But the plaintiff has not demonstrated a manifest error of law or presented newly-discovered evidence, as required by Rule 59(e). The motion repeats the allegations in the complaint and the arguments the plaintiff made in opposition to the motion to dismiss. The only new allegation is that the "BT" was responsible for the 2003

6

case dismissed by Judge Randa and for the plaintiff's appeal of that dismissal—facts that are not relevant to the court's legal basis for dismissing this case. She asks the court to disregard case law (which the court cannot do). She asks the court to adopt her theory of fraudulent concealment, but she has not alleged sufficient facts to support that theory. Nor has the plaintiff demonstrated that the court's order of dismissal was based on mistake, inadvertence, newly discovered evidence or fraud, as required by Rule 60(b).

As the court found in its dismissal order, the plaintiff has believed for years that she suffered an injury because of the eye surgery she had. The time for her to file a lawsuit based on that injury has passed.

## II. Conclusion

The court **DENIES** the plaintiff's motion to reopen. Dkt. No. 20.

Dated in Milwaukee, Wisconsin this 15th day of January, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**